PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL ANTHONY HARGROVE, | ) | |
| | ) | CASE NO. 4:23-CV-1857 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN IAN HEALY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 11] |

Pending before the Court is Respondent Warden Ian Healy's Motion to Dismiss. ECF No. 11. For the following reasons, Respondent's motion to dismiss is granted, and the petition for writ of habeas corpus (ECF No. 1) is dismissed.

**I.  Background**

Petitioner Terrell Hargrove filed the instant petition for a writ of habeas corpus while incarcerated in FCI Elkton in Lisbon, Ohio, which is located within the Northern District of Ohio.[1]  Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] ECF No. 1.  Petitioner also filed a motion for appointment of counsel.  ECF No. 3.  The Court

---

[1] [1] According to the Bureau of Prisons ("BOP") website, Petitioner is located at RRM Raleigh and has an expected release date of November 22, 2024. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 28, 2024).

[2] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Even though the Court did not receive the petition until May 3, 2022, Petitioner dated his petition on May 1, 2022. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

(4:23-CV-1857)

granted the motion and appointed the Office of the Federal Public Defender to represent Petitioner. ECF No. 7 at PageID #: 52.

### A. Petitioner's 2006 Case

In July 2006, Petitioner was sentenced to a 120[3] month term of imprisonment and five years of supervised release for convictions of conspiracy to distribute and possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking. *United States v. Hargrove*, Case No. 3:06-cr-26-JAG (E.D. Va. Jan. 5, 2012) (Doc. 35).

While incarcerated, Petitioner filed myriad motions, including a petition for writ of habeas corpus. *Hargrove v. United States*, Case No. 3:14-cv-75-JAG (E.D. Va. Nov. 7, 2005) (Doc. 1). In that case, Petitioner requested jail credit, pursuant to *Willis v. United States*, 438 F.2d 293 (5th Cir. 1971). His motion was denied because he was ineligible for such credit.

In December 2015, Petitioner was arrested for a supervised release violation, and sentenced to 12 months of imprisonment and four years on supervised release. *United States v. Hargrove*, Case No. 3:06-cr-26-JAG (E.D. Va. Dec. 1, 2015) (Doc. 61). Petitioner served this sentence and began his new term on supervised release. In December 2017, Petitioner was arrested on a new supervised release violation, and a new case was initiated. *See id.* at Doc. 65; *United States v. Hargrove*, Case No. 3:18-cr-01-JAG (E.D. Va. Dec. 7, 2017) (Doc. 1). Petitioner admitted to the violation, and the Court revoked his supervised release. The Court sentenced Petitioner to 57 months of imprisonment, consecutive to the sentence in his new

---

[3] Originally, Petitioner was sentenced to 144 months. *United States v. Hargrove*, Case No. 3:06-cr-26-JAG (E.D. Va. July 11, 2006) (Doc. 19). This sentence was reduced pursuant to 18 U.S.C. § 3582.

2

(4:23-CV-1857)

(2017) case as discussed below. See *United States v. Hargrove,* Case No. 3:06-cr-26-JAG (E.D. Va. May 29, 2018) (Doc. 71).

### B. Petitioner's 2017 Case

In 2017, Petitioner was charged with two counts of distribution of heroin. *United States v. Hargrove,* Case No. 3:18-cr-01-JAG (E.D. Va. Dec. 7, 2017) (Doc. 1). Petitioner pleaded guilty to one count of distribution of heroin. The Court sentenced Petitioner to 46 months of imprisonment and 5 years of supervised release. *Id.* at Doc. 34. In January 2024, Petitioner moved for a reduction of sentence pursuant to Amendment 821 to the Sentencing Guidelines. The Court granted that motion and reduced Petitioner's sentence to 41 months. *Id.* at Doc. 69.

### C. Petitioner's Habeas Motion

In September 2023, Petitioner filed the instant petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. ECF No. 1. Petitioner argues the BOP has "erroneously denied his statutory right to First Step Act ("FSA") earned time credits." Petitioner also argues that he should be excused from exhaustion of administrative remedies because the denial of FSA credits is causing him irreparable harm. ECF No. 1 at PageID #: 6–7.

Petitioner asks the Court to (1) hold a hearing on the claims within his Petition; (2) issue an order instructing that Petitioner attend and present evidence at a hearing; (3) find that Petitioner has earned the appropriate amount of FSA earned time credits to be placed in prerelease custody immediately; (4) find that Petitioner has satisfied FSA requirements for application of earned time credits; (5) issue an order instructing Respondent and the Federal Bureau of Prisons (BOP) to immediately process Petitioner for either prerelease placement or immediate release; and (6) credit all unused FSA credits toward the service of Petitioner's term of supervised release. ECF No. 1 at PageID #: 8.

3

(4:23-CV-1857)

Respondent filed a Return of Writ and Motion to Dismiss (ECF No. 11).  The matter has been fully briefed.

## II.     Standard of Review

Respondent has filed a motion to dismiss the § 2241 Petition.  Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Courts have considered motions to dismiss § 2241 petitions alleging a failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, Cook v. Spaulding, 433 F. Supp. 3d 54, 56-57 (D. Mass. 2020).

"To survive a [Rule 12(b)(6)] motion to dismiss, [the petition] must allege 'enough facts to state a claim to relief that is plausible on its face.'"  Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ., 615 F.3d 622, 627 (6th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); *see* Cook, 433 F. Supp. 3d at 55.  When making the determination to dismiss under Rule 12(b)(6) the court will accept all well-pleaded facts as true and make all reasonable inferences in favor of the non-movant.  Phila. Indem. Ins. Co. v. Youth Alive, Inc., 732 F.3d 645, 649 (6th Cir. 2013).

## III.    Discussion

Respondent argues: (1) Petitioner has failed to exhaust his administrative remedies, and, even if he had exhausted his administrative remedies, (2) Petitioner is ineligible to receive First Step Act ("FSA") time credits because he is currently incarcerated for possession of a firearm in relation to a drug trafficking crime.  ECF No. 11 at PageID #: 58.

(4:23-CV-1857)

Petitioner contends that the Court should excuse the exhaustion of administrative remedies. ECF No. 12 at PageID #: 98. Petitioner also contends that because his sentences are distinct, he should receive FSA credit on his eligible 46-month—nonfirearms related---sentence.

### A. Jurisdiction

As stated above, Petitioner filed his petition while housed at FSL Elkton, a facility within the Northern District of Ohio. *See* ECF No. 1 at PageID #: 1; ECF No. 11 at PageID #: 60. Since that time, Petitioner has been transferred to Raleigh RRM. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 28, 2024). Therefore, the Court must ensure that it maintains jurisdiction over the matter. The Court ordered parties to file Notices describing their positions on the Court's jurisdiction.

The Sixth Circuit has held that "[a] district court's jurisdiction generally is not defeated when a prisoner who has filed a [28 U.S.C.] § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White v. Lamanna*, 42 Fed. Appx. 670, 671 (6th Cir. 2002). Therefore, the Court finds that it retains jurisdiction over the petition, despite Petitioner's transfer.

### B. Exhaustion of Administrative Remedies

The parties agree that Petitioner did not exhaust his administrative remedies prior to filing his petition. ECF No. 11 at PageID #: 63; ECF No. 12 at PageID #: 98. Petitioner argues that he should be excused from exhaustion of administrative remedies because "he is currently being irreparably injured due to the fact his FSA time credits can be applied immediately." ECF No. 1 at PageID #: 7. Respondent argues that Petitioner failed to explain how exhaustion of administrative remedies would be futile. ECF No. 11 at PageID #: 63.

5

(4:23-CV-1857)

It is well-settled that federal prisoners must exhaust their administrative remedies before filing a habeas petition pursuant to 28 U.S.C. § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). When available remedies are inadequate or futile, do not serve the basic goals of exhaustion, or turn only on statutory construction, however, the Court may decide not to apply the exhaustion doctrine. *Coleman v. U.S. Parole Comm'n*, 644 Fed.Appx. 159, 162 (3d Cir. 2016). Exhaustion of administrative remedies serves two primary purposes: (1) it "protects administrative agency authority," which "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court . . ."; and (2) "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks omitted).

Petitioner makes two arguments urging waiver of the exhaustion requirement: (1) he "faces imminent irreparable harm in the form of over-service of his sentence," and (2) "and the claim presents an issue of statutory construction." ECF No. 12 at PageID #: 98. Petitioner's arguments in support of his petition address interpretation of 18 U.S.C. §§ 3632 and 3584(c). Petitioner's claims fail on the *Coleman v. U.S. Parole Comm'n*, 644 Fed. Appx. 159, 162 (3d Cir. 2016)

    C.  FSA Credit Eligibility

Pursuant to 18 U.S.C. § 3632, eligible individuals in custody may receive time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). 18 U.S.C. § 3632(d)(4)(D) defines convictions that make an individual ineligible. Specifically, 18 U.S.C. § 3632(d)(4)(D) states: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . ." One of the listed disqualifying offenses is "Section 924(c), relating to

6

(4:23-CV-1857)

unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner concedes that his 2006 conviction for possession of a firearm in furtherance of a drug trafficking crime is one of the disqualifying offenses enumerated in 18 U.S.C. § 3632(d)(4)(D). Petitioner challenges the BOP's decision to aggregate his sentences and find him ineligible for FSA time credits. He argues that the plain language and context of the FSA demonstrate that he is eligible to earn time credits towards the sentence for his qualifying offenses. ECF No. 12 at PageID #: 100. Respondent contends that Petitioner is ineligible because he is serving an aggregate sentence for a disqualifying offense. ECF No. 11 at PageID #: 64.

Petitioner's argument against aggregation turns on his interpretations of 18 U.S.C. §§ 3584(c) and 3632(d)(4)(D). Numerous courts have rejected Petitioner's argument.

The Sixth Circuit has addressed the propriety of sentence aggregation in a similar case. *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023). In that case, the petitioner pleaded guilty to possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug-trafficking offense ("§ 924(c) conviction"), and possession of a firearm by a convicted felon. *Id.* at *1. He received concurrent terms of 57 months of imprisonment for his possession with intent to distribute methamphetamine and possession of a firearm by a convicted felon convictions, with a consecutive 60-month term of imprisonment for his possession of a firearm in furtherance of a drug-trafficking offense conviction. *Id.* The BOP categorized the petitioner as ineligible for FSA time credits because of his § 924(c) conviction. The petitioner argued that he should earn credit because the sentence for his § 924(c) conviction was consecutive to those of his other convictions, making it separate and distinct.

7

(4:23-CV-1857)

Circuit, relying on 18 U.S.C. § 3584(c),[4] determined that the petitioner's sentence was a single aggregated sentence for all three offenses and affirmed the district court decision denying the § 2241 petition. *Id.*

The Sixth Circuit has not addressed a case regarding aggregation of sentences imposed in separate cases, but a district court in the Eastern District of Michigan has. *See Andrews v. Rardin*, No. 2:24-cv-10994, 2024 WL 3236249 (E.D. Mich. June 28, 2024). In that case, the petitioner, in 2005, pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base and an amount of cocaine, and possession of firearms in relation to a drug trafficking crime ("§ 924(c) conviction"). *Id.* at *1. After serving his sentence of imprisonment, petitioner was released to serve a five-year term of supervised release. *Id.* While serving his term of supervised release, in 2017, the petitioner pleaded guilty in a new case for possession with intent to distribute cocaine base and felon in possession of a firearm. Accordingly, the court revoked Petitioner's supervised release and sentenced him to twenty-four (24) months of imprisonment. *Id.* at *2. Additionally, Petitioner was sentenced to 120 months in prison to run concurrently for each of the new offenses. The court imposed this new sentence consecutively to the sentence imposed due to the revocation of his supervised release. *Id.* The district court stated that "[p]etitioner misconstrue[d] his 2005 firearms conviction [his § 924] as being a prior conviction and sentence." *Id.* at *2. Then, relying on *Keeling v. Lemaster*, the district court concluded that "it was proper for the BOP to aggregate [petitioner's] sentences, for the purposes of the First Step Act, and conclude that [p]etitioner

---

[4] 18 U.S.C. § 3584(c) provides: "[m]ultiple terms of imprisonment ordered to run consecutively shall be treated for administrative purposes as a single, aggregate term of imprisonment."

8

(4:23-CV-1857)

[was] ineligible to receive credits under the FSA." *Id.* at *3. Courts outside of the Sixth Circuit also support this interpretation. *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438 (5th Cir. Jan. 12, 2024) (affirming decision that petitioner's foreign sentence was properly aggregated with his domestic sentence); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556727 (3d Cir. July 17, 2023) (affirming denial of § 2241 petition because the BOP properly aggregated petitioner's consecutive sentences); *Sok v. Eischen*, No. 20-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023) (same).

Like the petitioner in *Andrews v. Rardin*, Petitioner in the instant case is currently serving a sentence for two different cases. One, pursuant to the revocation of his supervised release in his previous case, in which he was convicted for possession of a firearm in furtherance of drug trafficking ("§ 924(c) conviction) and the second, for a new offense. Petitioner's revocation case, like in *Rardin*, involved a disqualifying offense while his new case does not. Petitioner, like the petitioner in *Rardin*, argues that his 2006 conviction is a prior conviction and sentence.

§ 3584(c) states that "multiple terms of imprisonment ordered to run consecutively or concurrently *shall* be treated for administrative purposes as a single, aggregate term of imprisonment." (emphasis added). With this understanding, the Court finds that the BOP's aggregation of Petitioner's sentence is reasonable and required, pursuant to 18 U.S.C. § 3584(c). *See also Sok v. Eischen*, No. , 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022) ("The BOP's aggregation of [p]etitioner's sentences is not only a reasonable interpretation of § 3632(d)(4)(D), but said aggregation is, in fact, required pursuant to the BOP's obligation to comply with the statutory mandate of Congress in § 3584(c).") Therefore, the BOP reasonably aggregated Petitioner's terms of imprisonment and determined that he was ineligible for FSA time credits.

(4:23-CV-1857)

Because the BOP's actions were proper, the Court concludes that Petitioner is ineligible to receive credits under the FSA.  Petitioner is not entitled to habeas relief.

## IV.    Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) is granted, and the Petition for a Writ of Habeas Corpus (ECF No. 1) brought pursuant to 28 U.S.C. § 2241 is dismissed pursuant to 28 U.S.C. § 2243.

    IT IS SO ORDERED.


| August 28, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |